```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FERNANDO KWONG,<br><br>Defendant. | 08-CR-527 (JBW)<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On September 5, 2008, Fernando Kwong pled guilty to a single-count indictment, which charged that on April 15, 2003, the defendant filed a fraudulent 2002 income tax return with the Internal Revenue Service, in violation of 26 U.S.C. § 7206(1).

Kwong was sentenced on May 21, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be eight and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between zero and six months. The offense carried a maximum term of imprisonment of three years. See 26 U.S.C. § 7206(1). The guidelines range of fine was from $1,000 to $10,000. Pursuant to section 5K1.1 of the United States Sentencing Guidelines, the government submitted a letter describing Kwong's substantial assistance and requesting that the court depart downward from the guideline range.

Kwong was sentenced to three years probation, commencing on the date of his September 5, 2008 arrest. A $100 special assessment was imposed. A restitution order in the amount of $7,158.13 was entered. A fine of $10,000 was imposed, payable forthwith, interest to accrue if unpaid after six months.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). While the offense is a serious one, the defendant offered candid cooperation immediately after his arrest and has no criminal history apart from the instant offense. A sentence of three years probation reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that tax fraud will result in substantial consequences. Specific deterrence is not required here because the defendant's criminal conduct was aberrant. It is unlikely that he will engage in further criminal activity.

Jack B. Weinstein
Senior United States District Judge

Dated: June 2, 2009
Brooklyn, New York